Michael BUSH, et al., Petitioners,

v.

Honorable Rudy PERPICH, Governor of the State of Minnesota and Lynn C. Olson, Special Commissioner, In Re: Proceeding to Remove R. Kathleen Morris from Office, Respondents.

R. Kathleen MORRIS, Petitioner,

v.

Honorable Rudy PERPICH, Governor of the State of Minnesota and Lynn C. Olson, Special Commissioner, In Re: Proceeding to Remove R. Kathleen Morris from Office, Respondents.

No. C8-85-895.

Supreme Court of Minnesota.

July 19, 1985.

James T. Martin, Edina, for Deputy Sheriffs.

Gislason Dosland Hunter Malecki, Minnetonka, for Wilker, Social Worker.

Loren M. Barta, New Prague, for Tietz.

Stephen P. Doyle, Minneapolis, for Morris.

Hubert H. Humphrey, III, Atty. Gen., John R. Tunheim, Asst. Atty. Gen., St. Paul, for Perpich and Olson.

Kelton Gage, Mankato, for Special Commissioner.

AMDAHL, Chief Justice.

Petitioners R. Kathleen Morris, Scott County Attorney; Michael Bush, et al., Scott County Deputy Sheriffs; and Douglas Tietz, Scott County Sheriff filed a petition for writ of prohibition to restrain the Ramsey County District Court from enforcing its order of May 15, 1985 denying their motion to quash subpoenas issued to require their attendance at the Scott County Courthouse to give prehearing deposition testimony. This petition was filed in the Court of Appeals, and at the hearing before this court sitting en banc, the petitioners' application for accelerated review of the matter was granted. By order of May 16, 1985 we denied the petition, stating that an opinion would follow.

On March 8, 1985 a petition on behalf of Cindy Buchan, a former defendant in criminal proceedings initiated and later dismissed by Morris, was filed with the Honorable Rudy Perpich, Governor of the State of Minnesota, seeking the removal of Morris from office pursuant to Minn.Stat. § 351.03 alleging the county attorney's malfeasance in office.

On March 25, 1985, Governor Perpich issued Executive Order 85–10 providing for the establishment of a Special Commission "to conduct a hearing and take testimony for and against the County Attorney, and provide the County Attorney an opportunity to be heard in his or her defense." The Honorable Lynn C. Olson, Judge of the District Court, Tenth Judicial District, was appointed pursuant to Minn.Stat. § 351.04 (1984) a Special Commissioner "to take and report all pertinent evidence at a hearing to determine whether there is a basis to remove Kathleen Morris as Scott County Attorney."

Attorneys Julius Gernes, Winona County Attorney, and Irene Scott were named to assist the Special Commissioner and the Attorney General was directed to appoint counsel "to organize and present evidence to the Commission;" Kelton Gage, a Mankato Attorney, was appointed to this position by the Attorney General.

The Executive Order directed the Commission "to determine and implement procedures appropriate to this matter and consistent with law" and empowered the Commissioner "to issue subpoenas to compel testimony and the presentation of other evidence concerning this matter."

Mr. Gage encountered difficulties in attempting to interview potential witnesses, and on April 26, 1985 petitioned the Commission for an order establishing a procedure for the issuance of subpoenas to compel testimony. Commissioner Olson, by order dated May 8, 1985, authorized the State of Minnesota, represented by Mr. Gage, and R. Kathleen Morris to "obtain subpoenas for use in these proceedings by application to the Clerk of the District Court for Ramsey County."

Thereafter, the petitioners R. Kathleen Morris, et al. moved the Ramsey County District Court for an order quashing subpoenas issued to require their attendance at the Scott County Courthouse to give prehearing deposition testimony. The motion was denied and petitioners have here sought to restrain the district court from enforcing that order of May 15, 1985.

■ Petitioners concede that the Special Commissioner is empowered to authorize the issuance of subpoenas to compel testimony at any hearing held pursuant to Minn.Stat. § 351.03 (1984), but present the narrow issue of whether subpoena power is given to the Commission to compel *prehearing* deposition testimony. While we do not address the question of whether these proceedings are governed by the Minnesota Rules of Civil Procedure, we do conclude that such authority is implied from the ultimate removal power delegated to the Governor of this state by the Legislature.

■ The role of the Special Commissioner, defined not only by Executive Order 85–10 but also by Minn.Stat. § 351.04, is to gather and report testimony for and against the official whose removal has been sought. Contemplated by that responsibility are the procedural mechanisms necessary to accomplish a full investigation of matters relevant to the inquiry. To the extent the testimony of individuals whose knowledge is relevant cannot be voluntarily obtained, the subpoena power must be available to insure that testimony both against and on behalf of the subject official may be obtained in furtherance of the goal of a full and complete investigation.

■ However, several matters called to our attention during the course of these proceedings require comment. First, the role of counsel appointed to assist the Commission as defined by the Executive Order is "to organize and present evidence." Such a duty necessarily implies the neutral presentation of all evidence *for and against* the official, not merely the disclosure of evidence found to support the petition for removal. Counsel's role, is, in that manner, distinguishable from that of a prosecuting attorney.

Secondly, while we are mindful that a petition for removal of a public official by the Governor is infrequently used, we invite the Executive and Legislative branches of government to evaluate the need to establish more definitive and comprehensive

procedures for the investigative and reporting process thereby minimizing the necessity of the development by such Special Commissioner of procedures appropriate to each individual case. Parties to these proceedings would thereby be able to immediately ascertain the rights and responsibilities attendant to the investigatory and reporting process.

Finally, concern was expressed by several of the petitioners about the possible conflict between existing juvenile court protective orders and orders compelling testimony by these petitioners. The record reflects that the Special Commissioner has anticipated this concern and has established procedures designed to balance the competing interests.

Petition for writ of prohibition denied.

KELLEY, WAHL and COYNE, JJ., dissent.

KELLEY, Justice, (dissenting).

Because I am of the view that neither Minn.Stat. § 351.03 (1984) nor Executive Order 85–10 authorizes the compelled testimony of the County Attorney under investigation, I respectfully dissent.

Minn.Stat. § 351.03 provides that the Governor "shall give to the officer a copy of the charges against him (the official) and an *opportunity to be heard in his defense.*" (Emphasis supplied.) To me an opportunity to be heard clearly implies that the charged officer has the option to give testimony or not as he or she chooses. Nothing in the statute remotely indicates that the Governor or the Commissioner has any authority under the subpoena power to compel the charged officer to testify in the proceedings before the Commission or in any pre-proceeding depositions.

Moreover, Executive Order 85–10 establishes the Special Commission "to conduct a hearing and take testimony for and against the County Attorney, and provide the County Attorney an opportunity to be heard in his or her defense."

As used in both the statute and the Executive Order "opportunity" obviously means "chance"—a chance to present evidence. The "opportunity," "chance," or "option" to testify in her own behalf rests with the charged officer. In neither the statute nor the order is any authority extended to the Commission or the Governor to compel such testimony under penalty of contempt for failure to do so.

I would grant the writ.

COYNE, Justice (dissenting).
I join in the dissent of Justice Kelley.

WAHL, Justice (dissenting).
I join in the dissent of Justice Kelley.